# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 07cr0033 |
| | ) | |
| JOSEPH DOUGLAS WILLIAMS | ) | |

## MEMORANDUM ORDER

Presently before the Court for disposition are the following motions filed by Defendant:

• MOTION FOR DISCOVERY (Document No. 40);

• MOTION TO DISMISS THE INDICTMENT ON JURISDICTIONAL GROUNDS (Document No. 42); and

• MOTION TO PRODUCE EVIDENCE WHICH THE GOVERNMENT INTENDS TO USE UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 609 (Document No. 43).

The government has timely responded and, thus, the motions are ripe for disposition.

## Motion for Discovery

At the outset, the Court notes that the government has acknowledged its obligations under *Brady* and its progeny, Federal Rules of Criminal Procedure 12 and 16, and the Jencks Act.

The government also asserts that it "will voluntarily turn over Jencks Act material one week prior to trial to ensure that unnecessary interruptions or delays are avoided." Resp. at 26. The Court is cognizant of the fact that such information, to the extent it exists, is clearly

discoverable and should be voluntarily disclosed to the defendant "in sufficient time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir.), *cert. denied*, 464 U.S. 1048 (1984) (holding that with respect to impeachment-type *Brady* material the defendant's "right to a fair trial will be fully protected if disclosure is made the day that the witness testifies"). A district court cannot compel early disclosure of Jencks material. *See United States v. Murphy,* 569 F.2d 771, 773 (3d Cir.), *cert. denied,* 435 U.S. 955 (1978). However, the Court strongly encourages the government to produce all Jencks Act material in sufficient time to avoid delays at trial.

The government's obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure. Outside of Rule 16, the Jencks Act, and *Brady*, and its progeny, however, a defendant has no general constitutional right to pretrial discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Those rights conferred by rule, statute, and case law cannot be used to compel the United States to disclose the minutia of its evidence, trial strategy, or investigation. *United States v. Fiorvanti,* 412 F.2d 407, 411 (3d Cir.), *cert. denied,* 396 U.S. 837 (1969).

The Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas listed in Federal Rule of Criminal Procedure 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos,* 27 F.3d 65, 68 (3d Cir. 1994). Generally, these other areas are limited to the Jencks Act and materials available pursuant to the *Brady* doctrine. *Id.* Keeping these principles in mind, the individual requests of Defendant will be addressed seriatim.

1. <u>Any Information or Materials That Would Impugn the Credibility of Any Police Officer Involved In This Matter and Any Evidence Which Tends to Detract From The Credibility or Probative Value of Testimony or Evidence Intended to Be Used By the Prosecution.</u> The government responds that it will provide impeachment material relating to its trial witnesses at the time that it discloses its Jencks Act materials for the witnesses, i.e., one week prior to trial. Additionally, in compliance with Federal Rule of Criminal 16(a)(1)(G), the government agrees to provide Defendant with a written summary of any expert testimony that may be introduced in the government's case in chief, as well as a curriculum vitae of the expert.

Accordingly, the request for impeachment material relating to any police officer involved in this matter and any evidence which tends to detract from the credibility or probative value of testimony or evidence intended to be used by the prosecution is **DENIED WITHOUT PREJUDICE.**

2. <u>The Criminal Records of Prospective Prosecution Witnesses And Information Concerning The Acts of Any Such Person That are Arguably Acts of Crimin Falsi, Whether or Not Those Acts Resulted In The Filing of Criminal Or Civil Charges</u> In actuality, Defendant is seeking to have the United States identify its witnesses and, under the law, the government is not obliged to provide a witness list in a non-capital case, except in conformity with the Jencks Act. As stated *supra,* the government has acknowledged its responsibilities under the Jencks Act, *Brady, Giglio*, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. Accordingly, the request is **DENIED WITHOUT PREJUDICE.**

**Motion to Dismiss The Indictment On Jurisdictional Grounds**

Defendant argues that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional, based upon his interpretation of three United States Supreme Court decisions, *Jones v. United States*, 529 U.S. 848 (2000), *United States v. Morrison,* 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995).

In *Lopez,* the United States Supreme Court found that a separate provision of § 922, which prohibited firearm possession in a school zone, was unconstitutional as the regulated activity was neither economic nor contained a requirement that the possession be connected to interstate commerce. *Id.* at 549. In light of *Lopez,* the Court of Appeals for the Third Circuit considered the constitutionality of § 922(g) in its current form in *United States v. Gateward,* 84 F.3d 670 (3d Cir.), *cert. denied*, 519 U.S. 907 (1996). In *Gateward,* our appellate court held that § 922(g) is a proper exercise of Congressional power so long as it is proven that at some point before the defendant's possession, the firearm has traveled in interstate or foreign commerce. *Gateward*, 84 F.3d at 671-72.

The scope of Congressional interstate commerce power was refined again by the Supreme Court, subsequent to *Gateward*, in *United States v. Morrison,* 529 U.S. 598 (2000) (holding that activity that is non-economic and requires multiple inferences to connect the activity to interstate commerce cannot be criminalized by Congress, even when Congressional findings support the proffered connection) and in *Jones v. United States*, 529 U.S. 848 (2000) (ruling that absent clear Congressional intent, there is a presumption against interpreting a federal criminal statute to encompass activity that is traditionally considered with the exclusive domain of state law.)

In the wake of these rulings, the Court of Appeals for the Third Circuit reconsidered the validity of § 922(g) in *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001), *cert. denied*, 535 U.S. 976 (2002). Once again, the appellate court affirmed the validity of § 922(g) because the statute contains a jurisdictional element, which requires that the firearm at issue once traveled commerce. Yet another attempt to challenge § 922(g) followed, and the Third Circuit affirmed the holding in *Singletary* in *United States v. Coward*, 296 F.3d 176 (3d Cir. 2002).

As such, the Court finds and rules that the legitimacy of § 922(g) has been well established. Accordingly, Defendant's argument that § 922(g) is unconstitutional is without merit.

**Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609**

Defendant requests that the Court order the government to disclose the evidence that it intends to proffer at trial pursuant to Federal Rules of Evidence 404(b) and 609. In response, the government states that it has not yet identified what evidence, if any, it will seek to introduce at trial pursuant to Rule 404(b). However, the government indicates that it will provide notice of its intent to seek the admission of 404(b) evidence at least two weeks prior to trial. Response at 34. The government further notes that it has provided Defendant with a copy of his criminal record, and will use such records as impeachment material under Rule 609 if the Defendant chooses to testify.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. The rule requires that the government in a criminal case, upon the request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. *Id*. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen. Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "apprise the defense of the general nature of the evidence of extrinsic acts." *Id*.

At this point in the proceeding the government has not determined the evidence, if any, it may seek to admit at trial pursuant to Rule 404(b). The government has stated that it intends to provide notice to Defendant of Rule 404(b) evidence at least two weeks before trial, and there is no reason to believe that the government will not do so. Accordingly, the motion to disclose and exclude uncharged misconduct evidence is **DENIED WITHOUT PREJUDICE**.

So **ORDERED** this 24th day of March, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Almon S. Burke, Jr.,
Assistant U.S. Attorney
Email: almon.burke@usdoj.gov

Jay J. Finkelstein,
Assistant Federal Public Defender
Email: jay_finkelstein@fd.org